UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | Case No.: 5:10-CV-05856 EJD |
| Plaintiff, | **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| VAN T. NGUYEN, | |
| Defendant. | |

Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") moves for entry of default judgment in the amount of $111,100.00 against Defendant Van Nguyen a/k/a Bich T. Nguyen, individually and d/b/a Got Hong ("Defendant"). Plaintiff seeks damages stemming from Defendant's alleged violation of 47 U.S.C. § 605(a) and conversion of Plaintiff's property. The court has considered the moving papers and the oral argument of Plaintiff's counsel presented at the hearing on September 23, 2011. For the reasons discussed below, the motion will be GRANTED.

## I. BACKGROUND

**A. Procedural history**

Plaintiff filed the instant action on December 23, 2010. After Defendant was served with process and failed to respond (Docket No. 11) Plaintiff moved for entry of default and served the motion by mail. (Docket No. 12). The clerk entered default on April 27, 2011. (Docket No. 13). Plaintiff moved for default judgment on June 16, 2011, and has provided proof of service

1

Case No.: 5:10-CV-05856 EJD
SCHEDULING ORDER

indicating that a copy of the notice and application for default judgment were mailed to Defendant. (Docket No. 20). Defendant did not appear at the hearing.

**B. Factual history**

Plaintiff is a distributor of sports and entertainment programming. It purchased the rights to broadcast a January 2, 2010 fight between Rashad Evans and Thiago Silva, together with undercard bouts, televised replay, and color commentary (collectively, the "Program"). It then entered into sublicenses with third parties such as casinos, bars, and social clubs, allowing the sublicensees to exhibit the Program to their patrons. The Program was broadcast in interstate commerce by means of an encrypted transmission, and only Plaintiff's sublicensees were entitled to decrypt that transmission.

On the day of the broadcast, Jeff Kaplan ("Kaplan"), an investigator hired by Plaintiff, observed an exhibition of the Program in Got Hong. Defendant was not a sublicensee entitled to exhibit the Program. Kaplan entered the premises without paying a cover charge and observed the Program on four televisions. (Decl. of Affiant at 2). Between 8:45 p.m. and 9:15 p.m., he performed three headcounts, noting the presence of twenty-three, thirty, and thirty-one people by each respective count. (Id. at 3). The declaration indicates the capacity of Got Hong as sixty and did not state whether Kaplan observed either a satellite dish or a cable box. (Id.)

## II. DISCUSSION

Plaintiff seeks $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $100,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and $1,100 in damages for conversion. Plaintiff also alleges that Defendant has violated 47 U.S.C. § 553(a), which provides for statutory damages pursuant to subsection (c)(3)(A)(ii) and enhanced damages pursuant to subsection (c)(3)(B).

**A. Whether to apply 47 U.S.C. § 605 or 47 U.S.C § 553**

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United States, 323 U.S. 1 (1944); Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)). Plaintiff seeks damages pursuant to § 605, which "requires proof that a defendant has

2

Case No.: 5:10-CV-05856 EJD
SCHEDULING ORDER

'(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff.'" California Satellite Systems v. Seimon, 767 F.2d 1364, 1366 (9th Cir. 1985) (citing National Subscription Television v. S & H TV, 644 F.2d 820, 826 (9th Cir. 1981)). Plaintiff alleges in its complaint that it transmitted the Program, that Defendant unlawfully intercepted the Program, and that Defendant exhibited the Program. (Compl. ¶¶ 9-13.)

However, § 605 applies only to intercepted "radio" communications or broadcasts through the air, such as satellite broadcasts. J & J Sports Productions, Inc. v. Man Thi Doan, No. C-08-00324 RMW, 2008 WL 4911223, at *2 (N.D. Cal. Nov.13, 2008) (citing United States v. Norris, 88 F.3d 462 (7th Cir. 1996)). The pleadings do not allege that Defendant intercepted a satellite broadcast, and Kaplan does not state that he observed a satellite dish at Got Hong. (Decl. of Affiant). Plaintiff contends that it has been unable to ascertain whether Defendant utilized a satellite dish only because Defendant has refused to answer and appear in the instant case. Nonetheless, the Court may not enter default judgment if the factual allegations in the pleadings are insufficient to establish liability.

However, the complaint also asserts a claim under 47 U.S.C. § 553, which "prohibits a person from 'intercept[ing] or receiv[ing] or assist[ing] in intercepting or receiving any communications service offered over a cable system.'" Man Thi Doan, 2008 WL 4911223 at *2 (quoting 47 U.S.C. § 553(a)(1)) (alterations in the original). While Kaplan does not state that he observed a cable box, (Decl. of Affiant), it is undisputed that Defendant intercepted the broadcast by some means, and a cable box is hidden more easily than a satellite dish. Accord J & J Sports Productions, Inc. v. Guzman et al., 3:08-cv-05469-MHP, 2009 WL 1034218, at *2 (N.D. Cal. April 16, 2009). Accordingly, Plaintiff's allegations are sufficient for present purposes to establish Defendant's liability under § 553(a)(1).

**1. Statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii)**

An aggrieved party may recover either actual damages pursuant to § 553(c)(3)(A)(i) or statutory damages pursuant to § 553(c)(3)(A)(ii). A court may award statutory damages of "not less than $250 or more than $10,000 as the court considers just." 47 U.S.C. § 553(c)(3)(A)(ii). While

3

Case No.: 5:10-CV-05856 EJD
SCHEDULING ORDER

the violation in the instant case does not appear to be particularly egregious, Plaintiff requests the statutory maximum. Plaintiff contends that the maximum award against Defendant is necessary to deter future violations.

Plaintiff has presented evidence of the capacity of the establishment as sixty. The establishment served twenty-three, thirty, and thirty-one persons during Kaplan's headcounts, and the Program was shown on four televisions. These factors suggest that maximum damages are unwarranted. The Court finds that an award of $5,000 is sufficient under the circumstances.

**2. Enhanced damages pursuant to 47 U.S.C. § 553(c)(3)(B)**

47 U.S.C. § 553(c)(3)(B) provides that in the case of a willful violation for purposes of commercial advantage or private gain, "the court in its discretion may increase the award of damages . . . by an amount of not more than $50,000." Plaintiff alleges that Defendants' interception of the program was willful and for purposes of commercial advantage or private gain. (Compl. ¶ 13). Facts alleged in the pleadings are binding upon the defaulting party. Geddes, 559 F.2d at 560.

"Courts in this district have considered several cases involving pirating of closed-circuit sports broadcasts and, absent a showing of egregious wrongdoing, generally have awarded damages slightly over the statutory minimum." J & J Sports Productions, Inc. v. Basto, et al., No. C 10-1803, 2011 WL 566843, at 2 (N.D.Cal. Feb. 14, 2011) (citing Universal Sports Network v. Jimenez, 2002 WL 31109707, at *1 (N.D.Cal. Sept.18, 2002)). Although Plaintiff has brought to the attention of the court another case pending in which similar conduct is alleged, that case was filed after the events at issue in this action and therefore is not particularly probative of the Defendant's wilfulness or purpose during the events at issue here. Additionally, in light of the fact that there was no cover charge and the establishment was filled to only half-capacity, the record is unclear whether Defendant made a profit. Thus, the Court concludes that this is not an appropriate situation for the Court to exercise its discretionary authority to impose enhanced damages.

**B. Damages for conversion**

As a result of Defendant's default, the facts alleged in the pleadings are sufficient to establish that Defendant wrongfully denied Plaintiff ownership of the right to control the exhibition

4

Case No.: 5:10-CV-05856 EJD
SCHEDULING ORDER

the Program and therefore are sufficient to establish that Defendant is liable for the tort of conversion. See Culp v. Signal Van & Storage, 142 Cal.App.2d Supp. 859, 862 (Cal. App. Dep't Super. Ct.1956). Pursuant to Cal. Civ. Code § 3336, Defendant is liable for the value of the property at the time of the conversion. Accordingly, Plaintiff is entitled to recover the sublicensing fee of $1,100.

### III. CONCLUSION

Plaintiff's motion is granted in part. Plaintiff shall recover $5,000 in statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii) and $1,100 pursuant to Cal. Civ. Code § 3336.

IT IS SO ORDERED.

Dated:  September 30, 2011

EDWARD J. DAVILA
United States District Judge

5

Case No.: 5:10-CV-05856 EJD
SCHEDULING ORDER